NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLE GRAY, | |
| Plaintiff, | Civil Action No. 11-02945 (CCC) |
| v. | |
| | OPINION |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant. | |

**CECCHI, District Judge.**

### I.   INTRODUCTION

This matter comes before the Court by way of Defendant Wells Fargo Home Mortgage's ("Wells Fargo") motion to dismiss Plaintiff Nichole Gray's ("Gray") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion.[1] No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Wells Fargo's motion to dismiss is granted.

### II.   BACKGROUND

On October 20, 2009, Gray obtained a loan in the amount of $324,000 from Wells Fargo in order to purchase a residential property located at 257 Griffith Street, Jersey City, New Jersey (the "Loan"). (Compl. ¶¶ 8-9.) Wells Fargo retained a security interest in the property in the

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

form of a mortgage. (Id. ¶ 10.) On November 18, 2010, and December 31, 2010, more than one year after obtaining the Loan, Gray notified Wells Fargo that she intended to rescind the Loan. (Id. ¶ 14.) Wells Fargo refused to rescind the Loan, explaining that the right to rescind only applies to refinance transactions. (Id. ¶ 15.) On May 23, 2011, Gray filed the current action, alleging that Wells Fargo violated the Truth In Lending Act ("TILA") and Regulation Z, the implementing regulation to TILA, by failing to provide her with a "Notice of Right to Rescind" the Loan. (Id. ¶ 12.) On July 13, 2011, Wells Fargo moved to dismiss Gray's complaint. Wells Fargo argues that TILA does not provide a right of rescission where the loan at issue involves a "residential mortgage transaction" and that Gray's claim is, in any event, barred by TILA's one year statute of limitations.

## III. WELLS FARGO'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

### A. Legal Standard

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949.

If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff is generally granted leave to amend or reassert the claim. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). However, leave to amend is not warranted if "the complaint, as amended, would fail to state a claim upon which relief could be granted." Id.

B. DISCUSSION

### 1. TILA Does Not Provide A Right To Rescind A Residential Mortgage Transaction

Gray contends that Wells Fargo violated TILA by: 1) "failing to provide Gray with notices of the right to rescind"; 2) "waiving Gray's right to rescind…pursuant to rescission waivers that: i) failed to describe, in writing, a bona fide personal financial emergency of the consumers; ii) failed to modify or waive Gray's right to rescind in writing; and/or iii) involved verbal waivers"; and 3) failing to "provide Gray with all TILA disclosures" including the annual percentage rate, details of payments and the identity of the creditor. (Id. ¶¶ 25, 28, 31, 34, 37.)

One of the main purposes of TILA and Regulation Z is "to promote the informed use of consumer credit by requiring disclosures about its terms and cost." See 12 C.F.R. § 226.1. Where a creditor fails to provide the required disclosures, a borrower may rescind the particular loan transaction. 15 U.S.C. § 1635(a). However, Section 1635 does not apply to "residential mortgage transactions." See 15 U.S.C. § 1635(e)(1) (explaining that Section 1635 does not apply to "a residential mortgage transaction as defined in Section 1602(w) of this title"). Section 1602(w) in turn defines a "residential mortgage transaction" as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the *consumer's dwelling* to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w)

3

(emphasis added). In other words, TILA does not provide a right of rescission where the loan at issue created a lien to finance the acquisition of a dwelling in which the customer resides or plans to reside.

This Court and other courts in this Circuit have regularly applied this TILA exemption to loans made for the purchase of residences. See Minklein v. Bank of America, N.A., No. 10-cv-00810, 2011 U.S. Dist. LEXIS 13503, at *2 (D.N.J. Feb. 10, 2010) (finding no right to rescind under TILA for a loan used to purchase a "personal residence" in New Jersey); see also Nix v. Option One Mortg. Corp., No. 05-cv-03685, 2006 U.S. Dist. LEXIS 2289, at *14-15 (D.N.J. Jan. 19, 2006) (explaining that there is no right to rescind a "residential mortgage transaction" under TILA); In re Crimosia, Nos. 00-cv-35085, 00-cv-0938, 2002 Bankr. LEXIS 1112, at *10-12, 42-44 (Bankr. E.D.P.A. Sep. 13, 2002) (noting that a residential mortgage transaction is not subject to the rescission rights outlined in Section 1635 of TILA).[2]

Gray lists her residential address as "257 Griffith Street, Jersey City, NJ 07307." (Compl. Caption). Gray admits that she obtained the Loan to purchase her "primary residence" and that she only has one "principal dwelling." (Id. ¶¶ 8, 10; Opp. 3.) Therefore, because the Loan was consummated to finance Gray's acquisition of her primary residence, this Court finds that Gray has no claim for rescission under TILA and her complaint must be dismissed.[3]

---

[2] Gray cites to only one case, Williams v. Wells Fargo Home Mortgage, Inc., 410 Fed. Appx. 495 (3d Cir. 2011), in support of her TILA claim. However, the Williams case is inapposite. There, the borrower executed a note, secured by her home, to obtain funding for *home improvements*. The case did not involve a loan to *purchase a primary residence*, as is the situation here. In any event, the district court in Williams granted summary judgment to the lender because the borrower's claims were time-barred under TILA and the Third Circuit affirmed.

[3] Gray seemingly admits that TILA does not provide a right to rescind a "residential mortgage transaction." (Opp. 2.) However, without any basis or support, Gray interprets "residential mortgage transaction" to only include loans made for the purchase of mobile homes

4

## 2. Gray's Claims Are Barred By TILA's One Year Statute Of Limitations

In addition to holding that Gray has failed to state a claim under TILA, this Court also holds that Gray's claims are barred by TILA's one year statute of limitations. Under TILA, "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation*." 15 U.S.C. § 1640(e) (emphasis added). The Third Circuit has held that a claim for damages under TILA is subject to a one-year limitations period that begins to run from the date the loan is closed. See In re Community Bank of Northern Virginia, 622 F.3d 275, 303 (3d Cir. 2010) (citing 15 U.S.C. § 1640(e)); Bartholomew v. Northampton Nat'l Bank, 584 F.2d 1288, 1296 (3d Cir. 1978) ("The Truth-In-Lending Act requires that creditors make full disclosure prior to the extension of credit. Thus, the statute begins to run on the date that a contract to sell land is executed.") This Court has also found that "under TILA, a claim must be brought within one year from the date of the occurrence of the violation" and that "in the case of a loan, the date of the TILA violation is when the loan contract is executed." Blackhall v. Access Group, No. 10-cv-00508, 2010 U.S. Dist. LEXIS 99596, at *9 (D.N.J. Sept. 22, 2010). See also Herzog v. IndyMac Bank, FSB, No. 11-4571, 2011 U.S. Dist. LEXIS 130207, at *9-11 (D.N.J. Nov. 9, 2011) ("If a lender fails to make one or more of the required disclosures, a plaintiff may bring an

---

and houseboats that will be used as primary residences. (Id. 2-3). However, as explained above, Section 1602(w) defines a "residential mortgage transaction" as a "transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." The word "dwelling" is defined as "a residential structure or mobile home which contains one to four family housing units, or individual units of condominiums or cooperatives." 15 U.S.C. § 1602(v). Thus, there is nothing in TILA or Regulation Z that limits "residential mortgage transactions" to loans made only for the purchase of mobile homes and houseboats.

5

action against the lender, seeking statutory damages. Such a claim, however, is subject to a one-year statute of limitations, which begins to run when the underlying contract is executed.").

Here, Gray filed her TILA claim on May 23, 2011, more than one year after the October 20, 2009 closing date on the Loan.[4]  Thus, Gray's claim for damages is time-barred.  See In re Community Bank of Northern Virginia, 622 F.3d at 303.

### IV.   CONCLUSION

Based on the reasons set forth above, Wells Fargo's motion to dismiss Gray's Complaint is granted.  The deficiencies in the Complaint would not be cured by allowing Gray to amend her pleading, and as such, the Complaint is dismissed with prejudice.

An appropriate Order accompanies this Opinion.

*Claire C. Cecchi*

CLAIRE C. CECCHI, U.S.D.J.

DATED:  January 24, 2012

---

[4] Gray's argument that an obligor's right of rescission expires three years after the date of consummation of the transaction is unavailing.  See 15 U.S.C. § 1635(f).  This time limit applies to loans that are actually subject to TILA's requirements.  First, as explained above, loans obtained pursuant to a residential mortgage transaction are exempt from TILA.  Second, under 15 U.S.C. § 1640(e), any action brought under Section 1635 for *damages* is subject to a one year statute of limitations.